**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MILAD EL-KHOURY**,
Plaintiff,

Case No.
v. Hon.

**G.R.C HALAL EATS LLC**,
a Michigan limited liability company, and
**JAWAD M. AQEL**, an individual,
Defendants.

---

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez Sr. (P66954)
Juan Antonio Salazar-Aguero (P86234)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
asalazar@avantilaw.com

---

## COMPLAINT AND JURY DEMAND

Plaintiff Milad El-Khoury ("Plaintiff"), by and through his attorneys, Avanti Law Group, PLLC, for his Complaint against Defendants G.R.C Halal Eats LLC and Jawad M. Aqel (collectively, "Defendants"), states as follows:

## INTRODUCTION

1. This is an action for unpaid wages, unpaid overtime compensation, and related relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 (the "FLSA"), and under Michigan law, together with claims for breach of contract arising from Defendants' failure to pay Plaintiff the compensation he was promised and their failure to convey to Plaintiff the ownership interest he was promised in exchange for his labor.

2. Plaintiff worked for Defendants at a restaurant business operated under the name "GRC Halal Eats." Throughout his employment, Defendants failed to pay Plaintiff on time, unilaterally reduced his agreed compensation, failed to pay him overtime for hours worked in excess of forty (40) per workweek, and failed to pay him at all for his final weeks of work.

3. Plaintiff was also promised an ownership interest in the business in exchange for his work to help start, operate, and staff the restaurant. Defendants never conveyed that interest to Plaintiff.

## PARTIES

4. Plaintiff Milad El-Khoury is an individual who at all relevant times resided in the State of Michigan and was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e), and applicable Michigan law.

5. Defendant G.R.C Halal Eats LLC is a Michigan limited liability company that at all relevant times operated a restaurant business in the State of Michigan. Its resident agent is Jawad Aqel, with a registered address of 5493 Hotchkiss Road, Lowell, Michigan 49331. G.R.C Halal Eats LLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and applicable Michigan law.

6. Defendant Jawad M. Aqel is an individual who at all relevant times owned, operated, and controlled G.R.C Halal Eats LLC and exercised operational control over the business and over the terms and conditions of Plaintiff's employment, including the business's finances and the payment of wages to its employees. Aqel is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the IWOWA, MCL 408.932, and is jointly and severally liable with G.R.C Halal Eats LLC for the violations alleged herein.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over Plaintiff's Michigan statutory and common-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and because Defendants reside in this District.

10. Venue is proper in the Southern Division because the events giving rise to the claims occurred at the restaurant Defendants operated at 2675 E Paris Ave SE, Grand Rapids, MI 49546, Kent County, Michigan, within this Division.

**FLSA COVERAGE**

11. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce, and/or was employed by an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. Upon information and belief, at all relevant times G.R.C Halal Eats LLC was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), in that it had employees engaged in commerce or handling goods or materials that have moved in commerce, and had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level that are separately stated.

**GENERAL FACTUAL ALLEGATIONS**

13. Defendants hired Plaintiff on or about April 23, 2025, to work at the restaurant business operated as GRC Halal Eats.

14. Plaintiff’s duties included taking customer orders, preparing and cooking food, prep work, cleaning, washing dishes, and mopping. These duties were non-exempt, manual, and non-managerial in nature.

15. Plaintiff did not have the authority to hire or fire employees, did not customarily and regularly direct the work of two or more full-time employees, and did not have management as his primary duty. Plaintiff did not perform exempt executive, administrative, or professional work.

16. Defendants classified and treated Plaintiff as an employee and issued Plaintiff a Form W-2 for his work.

17. Defendants agreed to pay Plaintiff a weekly salary of $1,000, net of taxes. After Plaintiff began working, Defendants unilaterally reduced Plaintiff's weekly pay to approximately $800, net of taxes. When Plaintiff's pay was reduced, Plaintiff was told that the agreed amount was too much money.

18. Plaintiff's scheduled shift was from approximately 4:00 p.m. to 11:00 p.m., or approximately thirty-six (36) hours per week. In practice, Plaintiff regularly began work at approximately 2:00 or 3:00 p.m. and worked until 11:00 p.m. or midnight, and on some days worked shifts of twelve (12) to thirteen (13) hours, including shifts covering for other workers.

19. Plaintiff regularly worked well in excess of forty (40) hours per workweek. Plaintiff worked a minimum of approximately forty-five (45) hours per week, and approximately 100 hours during the week of the restaurant's opening.

20. Plaintiff was not provided a lunch or meal break and ate only when able to do so while continuing to work.

21. Defendants did not maintain a time clock or any punch-in/punch-out system, and did not record Plaintiff's hours worked. Plaintiff never punched in or out because no such system existed.

22. Defendants failed to keep accurate records of the hours Plaintiff worked, as required by 29 U.S.C. § 211(c) and applicable regulations.

23. Defendants were supposed to pay Plaintiff weekly. Defendants never paid Plaintiff on time. Plaintiff received no pay for approximately his first three (3) weeks of work, and every payment thereafter was late and constituted back pay for previously worked periods.

24. Defendants never paid Plaintiff any overtime premium for hours worked in excess of forty (40) per workweek.

25. Defendants failed to pay Plaintiff at all for his final approximately three (3) weeks of work.

26. In total, Defendants paid Plaintiff gross wages of approximately $7,041.00, substantially less than the compensation Defendants agreed to pay.

27. Plaintiff complained to Defendants, including Aqel, on a weekly basis about Defendants' failure to pay him on time, the reduction of his pay, and Defendants' failure to pay overtime. Defendants did not correct these practices.

28. In March 2026, Plaintiff again requested payment of his unpaid wages in writing. Defendants have not paid them.

29. Plaintiff's employment ended on or about July 8, 2025.

**FACTS REGARDING THE PROMISED OWNERSHIP INTEREST**

30. Before the restaurant opened, Plaintiff met with Aqel and another individual involved in the business regarding the ownership and operation of the restaurant. At that meeting, Plaintiff reached an agreement with them under which Plaintiff would receive an ownership interest in the business.

31. In exchange for that promised ownership interest, Plaintiff agreed to and did contribute his labor and effort to help start up the restaurant, run the restaurant, and work at the restaurant.

32. Plaintiff performed his obligations under the agreement by working to start, operate, and staff the restaurant.

33. Defendants never conveyed the promised ownership interest to Plaintiff.

**COUNT I — FAILURE TO PAY OVERTIME UNDER THE FLSA, 29 U.S.C. § 207**

*(Against Both Defendants)*

34. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

35. The FLSA requires an employer to compensate a covered, non-exempt employee at a rate not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a).

36. Plaintiff was a covered, non-exempt employee within the meaning of the FLSA.

37. Plaintiff regularly worked more than forty (40) hours per workweek, and Defendants failed to pay Plaintiff the required overtime premium for those hours.

38. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a), entitling Plaintiff to a three-year limitations period. Defendants knew that Plaintiff regularly worked more than forty (40) hours per workweek, kept no record of his hours, paid him no overtime premium, and continued that practice after Plaintiff repeatedly complained that he was not being paid overtime. Defendants knew or showed reckless disregard for whether their conduct violated the FLSA.

39. As a result, Plaintiff is entitled to recover his unpaid overtime compensation, an equal amount as liquidated damages under 29 U.S.C. § 216(b), and his reasonable attorney's fees and costs.

**COUNT II — FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA, 29 U.S.C. § 206**

*(Against Both Defendants)*

40. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

41. The FLSA requires an employer to pay a covered employee at least the federal minimum wage for all hours worked. 29 U.S.C. § 206(a).

42. By failing to pay Plaintiff at all for his final weeks of work, and by failing to pay Plaintiff on time and in full for hours worked, Defendants failed to compensate Plaintiff at or above the federal minimum wage for all hours worked in one or more workweeks.

43. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a).

44. As a result, Plaintiff is entitled to recover his unpaid minimum wages, an equal amount as liquidated damages under 29 U.S.C. § 216(b), and his reasonable attorney's fees and costs.

**COUNT III — VIOLATION OF THE MICHIGAN IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, MCL 408.931 ET SEQ.**

*(Against Both Defendants)*

45. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

46. The Michigan Improved Workforce Opportunity Wage Act (the "IWOWA"), MCL 408.931 et seq., requires employers to pay employees at least the Michigan minimum hourly wage, MCL 408.934, and to pay overtime compensation at not less than one and one-half times the regular rate for hours worked in excess of forty (40) in a workweek, MCL 408.934a.

47. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the IWOWA, MCL 408.932. Defendants employed two (2) or more employees at any one time during 2025.

48. Defendants violated the IWOWA by failing to pay Plaintiff the required minimum wage for all hours worked and by failing to pay Plaintiff overtime compensation for hours worked in excess of forty (40) per workweek.

49. As a result, Plaintiff is entitled to recover his unpaid minimum wages and overtime compensation, together with an equal additional amount as liquidated damages, costs, and reasonable attorney's fees under MCL 408.939(1)(a).

**COUNT IV — BREACH OF CONTRACT (COMPENSATION)**

*(Against Both Defendants)*

50. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

51. Plaintiff and Defendants entered into an agreement under which Plaintiff would perform work for Defendants in exchange for agreed weekly compensation.

52. Plaintiff performed his obligations under the agreement by working for Defendants.

53. Defendants breached the agreement by unilaterally reducing Plaintiff's agreed compensation, by failing to pay Plaintiff on time, and by failing to pay Plaintiff all compensation owed, including for his final weeks of work.

54. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in an amount to be proven at trial.

**COUNT V — BREACH OF CONTRACT (OWNERSHIP INTEREST)**

*(Against Defendant Jawad M. Aqel)*

55. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

56. Jawad M. Aqel, as owner of G.R.C Halal Eats LLC, promised Plaintiff an ownership interest in the business in exchange for Plaintiff's labor to help start up, run, and work at the restaurant.

57. Plaintiff accepted that promise and performed his obligations by contributing his labor and effort to start, operate, and staff the restaurant.

58. Defendant Aqel breached the agreement by failing to convey to Plaintiff the promised ownership interest.

59. As a direct and proximate result of the breach, Plaintiff has been deprived of the value of the promised ownership interest in the business, in an amount to be proven at trial.

**COUNT VI — PROMISSORY ESTOPPEL (PLEADED IN THE ALTERNATIVE)**

***(Against Both Defendants)***

60. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

61. In the alternative to Plaintiff's contract claims, and to the extent any promise is found unenforceable as a contract, Defendants made a clear and definite promise to Plaintiff of compensation and of an ownership interest in the business in exchange for Plaintiff's labor.

62. Defendants should reasonably have expected the promise to induce Plaintiff to act, and Plaintiff reasonably and detrimentally relied on the promise by performing labor to start, operate, and staff the restaurant.

63. Injustice can be avoided only by enforcing the promise, in an amount to be proven at trial.

**COUNT VII — UNJUST ENRICHMENT (PLEADED IN THE ALTERNATIVE)**

**(Against Both Defendants)**

64. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

65. In the alternative to Plaintiff's contract claims, Plaintiff conferred a benefit on Defendants by performing labor to start, operate, and staff the restaurant, and Defendants received and retained that benefit.

66. It would be inequitable for Defendants to retain the benefit without paying Plaintiff the reasonable value of his labor, and Plaintiff is entitled to recover the reasonable value of the benefit conferred, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Milad El-Khoury respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and award the following relief:

A. Unpaid overtime compensation under the FLSA and Michigan law;

B. Unpaid minimum and other wages under the FLSA and Michigan law;

C. Liquidated damages under 29 U.S.C. § 216(b) and MCL 408.939(1)(a) in an amount equal to the unpaid wages and overtime;

D. Damages for breach of contract, including the value of the promised ownership interest;

E. In the alternative, damages under theories of promissory estoppel and unjust enrichment;

F. Reasonable attorney's fees and costs under 29 U.S.C. § 216(b) and applicable Michigan law;

G. Pre-judgment and post-judgment interest as allowed by law; and

H. Such other and further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**AVANTI LAW GROUP, PLLC**

Dated: October 29, 2026

By: *<u>/s/ Robert Anthony Alvarez Sr.</u>*
Robert Anthony Alvarez Sr. (P66954)
Juan Antonio Salazar-Aguero (P86234)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
asalazar@avantilaw.com

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 10-23-2026

/s/

Milad El-Khoury

**CONSENT TO SUE**

I hereby give my consent to file suit on my behalf under the Fair Labor Standards Act or any other state or federal laws. I hereby authorize my attorneys, Avanti Law Group, PLLC, to represent me in any Court or Agency.

In the event that I can not be reached despite reasonable efforts to contact me, I further authorize Avanti Law Group PLLC to engage in settlement negotiations and, if in their professional judgment it is in my best interest, to resolve my claims on reasonable terms consistent with the facts of my case and applicable law.

Fecha/Date: 2026-10-26

Signature

Milad El Khoury

Printed Name